F. SUTHERLAND MACKLEM AND ELVA MACKLEM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Macklem v. Commissioner
Docket No. 5531-91
United States Tax Court
T.C. Memo 1993-245; 1993 Tax Ct. Memo LEXIS 244; 65 T.C.M. (CCH) 2852; June 1, 1993, Filed *244 A decision will be entered under Rule 155 and an order will be issued denying respondent's motion for sanctions. F. Sutherland Macklem, pro se. [1]
For respondent: John Aletta. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [2]
Respondent determined a deficiency of $ 632 in petitioners' Federal income tax for 1988 and an addition to tax for that year under section 6653(a)(1) in the amount of $ 32. The issues for decision are: (1) Whether petitioners failed to include in gross income dividend income in the amount of $ 3,827; (2) whether petitioners failed to report interest income *245 of $ 109; (3) whether petitioners are subject to the addition to tax under section 6653(a)(1) in the amount of $ 32; and (4) whether this Court should impose sanctions under section 6673. Some of the facts have been stipulated and are found accordingly. At the time of filing the petition, petitioners resided in New Canaan, Connecticut. Petitioners timely filed their 1988 joint Federal income tax return. On Schedule B of their 1988 tax return, petitioners reported $ 3,321 of dividend income from Nesbitt Thomson Deacon, Inc., a brokerage firm in Canada. However, petitioners failed to include any dividend income on line 9, entitled "Dividend income", on their 1988 tax return and therefore omitted any dividend income from the computation of their 1988 income tax. In the notice of deficiency, respondent determined that petitioners received $ 3,827 in dividend income and $ 80 in interest income from Nesbitt Thomson Deacon, Inc., and $ 29 in interest income from Mechanics and Farmers Savings Bank. Respondent made these determinations from Form 1099 reports received from payors. Five days prior to the hearing in this matter, petitioners' attorney Herbert G. Feinson (Feinson), filed *246 a motion to dismiss for lack of jurisdiction. On March 10, 1992, this Court denied petitioners' motion to dismiss for lack of jurisdiction. In such motion, petitioners' counsel contended that the notice of deficiency was invalid because it lacked the signature of the Secretary of the Treasury, even though it bore the stamped signature of the District Director. Similar arguments by Mr. Feinson were rejected by this Court in Harper v. Commissioner, 99 T.C. 533 (1992), and we will not here repeat the full discussion set forth in that opinion. On March 10, 1992, respondent filed a motion for sanctions under section 6673. On that date, this Court ordered that petitioner might file with the Court a reply memorandum concerning respondent's motion. Petitioners did not file a memorandum in reply to this motion nor did they file briefs on the substantive issues presented in this case. Respondent's determinations are presumed correct and petitioners bear the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Although petitioners did not file a brief, at the hearing of this case they disputed respondent's *247 inclusion of dividend income in their gross income on the grounds that they had suffered a net loss in the brokerage account and never actually received the dividend income even though it was deposited in their account. Section 61(a)(7) provides that gross income includes dividends. See also sections 301(c) and 316. A dividend is includable in a shareholder's income when it is unqualifiedly made subject to his demands. Sec. 1.301-1(b), Income Tax Regs. "Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time". Sec. 1.451-2, Income Tax Regs. Since the dividend income at issue here was paid on petitioners' stocks to their agent and credited to their account, the income was received by them. The circumstance that petitioners sustained a loss on the account is immaterial. Bennett v. Commissioner, 139 F.2d 961, 966 (8th Cir. 1944), affg. a Memorandum Opinion of this Court dated October 28, 1942. Accordingly, respondent's determination on this issue is sustained. *248 With respect to the adjustment regarding the interest income, petitioners stipulated that they received $ 29 from Mechanics and Farmers Savings Bank and $ 80 from Nesbitt Thomson Deacon, Inc. Section 61(a)(4) provides that gross income includes interest income. Petitioners did not present any evidence as to why these amounts should not be includable in their income, and accordingly, we hold for respondent on this issue. The record indicates that petitioners relied on erroneous advice to the effect that they were not required to report the dividend and interest income paid to their account with a Canadian brokerage firm. From the record here we consider it probable that petitioners were misled with respect to matters on which they are not knowledgeable, and we consider the imposition of a negligence penalty inappropriate. Respondent filed a motion for sanctions under section 6673. Under the circumstances of this case, we decline to impose sanctions. See Hence v. Commissioner, T.C. Memo. 1992-671; Cf. Harper v. Commissioner, 99 T.C. 533 (1992). A decision will be entered under Rule 155 and an order will be issued *249 denying respondent's motion for sanctions. Footnotes
1. Petitioners' counsel at the time of trial was Herbert G. Feinson, who has been suspended from practice before this Court.↩
2. All section references are to the Internal Revenue Code in effect for the tax year at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩